# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIAM H. EVANS, JR.,  
      Plaintiff

    vs

EDWIN VOORHIES, et al.,  
      Defendants

Case No. 1:06-cv-629

Dlott, J.  
Black, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983 against SOCF Warden Edwin Voorhies, Ohio Department of Rehabilitation and Correction (ODRC) Director Terry Collins, and ODRC Chief Inspector Gary Croft.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine (1) whether the complaint, or any portion thereof, should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); and (2) whether plaintiff has exhausted his administrative remedies under 42 U.S.C. § 1997e as amended by the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, § 803(d), 42 U.S.C. § 1997e(a).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal

interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2).  A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint alleges that on May 24, 2006, he requested permission for extra-legal storage beyond the 2.4 cubit foot limit.  Plaintiff claims that although he met the criteria for additional legal storage under ODRC policy, his request was denied on June 2, 2006.  He alleges he currently has seven cases pending in the state and federal courts and that he needs his legal materials to effectively litigate these cases.  He states, "All is necessary and is critical that it never be confiscated and to remain with me, wherever I may be housed, be it isolation, the 'hole,' or a hospital." (Doc. 2 at 6-7).  He states that if an inmate is placed in isolation or the hospital he may not take his legal materials with him.

On June 27, 2006, plaintiff filed a grievance against Warden Voorhies.  On August 24, 2006, defendant Chief Inspector Gary Croft denied the grievance, finding that plaintiff did not meet the criteria for additional storage for his documents because his personal legal property did not exceed one-half of the storage container as required under the policy.

Plaintiff's complaint also states that he recently "lost a case by default" because "all legal materials were unlawfully confiscated for over a month." (Doc. 2 at 9).  Plaintiff states his brief

was due in the Tenth District Ohio Court of Appeals on August 11, 2006, but his "legal materials and resources and dictionary [were] taken on August 8, [and] not returned until September 18, 2006–while being held in the 'hole' wrongfully. . . ." (Doc. 2 at 9).  Plaintiff seeks injunctive, declaratory and monetary relief.

Prisoners have a fundamental right of access to the courts under the First Amendment. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Such access to the courts must be "adequate, effective, and meaningful." *Bounds*, 430 U.S. at 822.  Meaningful access embraces the right to adequately prepare and file the necessary legal documents. *Id.* at 823-24; *Johnson v. Hubbard*, 698 F.2d 286, 288 (6th Cir.), *cert. denied*, 464 U.S. 917 (1983).  Restrictions on the time, place, and manner in which inmates may engage in legal research and preparation of legal papers are constitutional, however, so long as the restrictions do not unreasonably frustrate the right of access to the courts. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

In order to prevail on a claim of denial of access to the courts, a plaintiff must establish that he suffered an actual injury as a result of the alleged denial. *Lewis*, 518 U.S. at 349; *see also Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999).  The injury requirement is not satisfied by just any type of frustrated legal claim. *Lewis*, 518 U.S. at 354.  A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented the plaintiff from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus application, or civil rights action. *Id.*; *Hadix,* 182 F.3d at 405.  An "actual injury" does not occur "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers,* 238 F.3d 423 (6th

3

Cir. 2000)(unpublished), 2000 W.L. 1888734, **1, citing *Lewis*, 518 U.S. at 354-56; *Pilgrim*, 92 F.3d at 416.  In other words, an inmate who claims that his access to the courts was denied must present evidence showing he was actually impeded in an existing or contemplated non-frivolous legal proceeding. *Lewis,* 518 U.S. at 351-53; *Hadix*, 182 F.3d at 406.  The plaintiff must "show actual prejudice to non-frivolous claims." *Hadix*, 182 F.3d at 406.  Where a prisoner's claim is "doomed to fail in any event," without regard to the prison official's action, the prisoner has not suffered an actual injury for purposes of his First Amendment claim.  *See Roberts v. Wingard*, 210 F.3d 373 (6th Cir. 2000) (unpublished), 2000 W.L. 377424, **2.

In this case, plaintiff's complaint presents two separate claims.  The first, the alleged unlawful denial of his request for additional storage space for his legal materials, fails to state a claim for relief for a denial of access to the courts.  Plaintiff fails to allege any facts showing an actual injury to any pending or contemplated non-frivolous claim as a result of the decision to deny him extra storage space.  While he alleges he has several pending actions in both the state and federal courts, he has not alleged any facts showing actual harm to any of these proceedings because of the denial of his request to store additional legal materials.  Therefore, his first claim must be dismissed.

Plaintiff's second claim alleges that his legal materials were confiscated for one month during his placement in the "hole" and that he lost a case by "default" in the Ohio Court of Appeals as a result.  While arguably satisfying the "prejudice" requirement of *Lewis*, plaintiff fails to satisfy the requirement that such prejudice be to a non-frivolous legal proceeding. Plaintiff fails to provide any facts whatsoever about his case in the Tenth District Court of Appeals.  Because plaintiff has failed to provide any details regarding the nature of the claim he

was pursuing in state court, this Court is unable to determine whether that claim was non-frivolous. *See Wilson v. Klein*, 75 Fed. Appx. 479, 480 (6th Cir. 2003) (dismissing prisoner's denial of right to access claim because the prisoner did not describe his claims in his complaint and thus did not show that his claims were non-frivolous.); *Thomas v. Campbell*, 12 Fed. Appx. 295, 297 (6th Cir. 2001) (dismissing prisoner's denial of right to access claim because the prisoner "did not allege in his complaint what type of legal proceedings he had pending in the courts."). *See also Pryor v. Hurley*, Case No. 2:05-CV-936, 2006 WL 2711677, *4 (S.D. Ohio Sept. 21, 2006) (same).  Therefore, plaintiff's second claim fails to state a valid First Amendment claim for denial of access to the courts.

Moreover, plaintiff has failed to show exhaustion of his prison administrative remedies on his second claim.  Plaintiff "bears the burden of demonstrating that he administratively exhausted his claim, either by attaching documentation of the relevant administrative decisions or by detailing the process followed and the outcome in the complaint." *Owens v. Keeling*, 461 F.3d 763, 768 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), *cert. denied*, 531 U.S. 1040 (2000)).  Plaintiff has done neither.  There are no documents attached to the complaint which grieve the confiscation of his legal materials in August 2006 which allegedly resulted in the dismissal of his state court appeal.  Nor does the complaint allege particular facts showing exhaustion of this claim.  Absent written documentation showing exhaustion, a prisoner must make particularized averments and state with specificity the actions taken in attempting to administratively remedy the situation. *Knuckles*, 215 F.3d at 642.

It is apparent plaintiff filed this claim prematurely.  His complaint is signed on September 18, 2006, presumably the day he was released from isolation.  It is clear that he filed his federal

court complaint immediately without pursuing the prison grievance procedure on this claim. Section 1997e(a) requires the prisoner to exhaust his administrative remedies *prior* to filing suit and, therefore, plaintiff cannot exhaust his remedies during the pendency of the action. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Accordingly, it is hereby **ORDERED** that plaintiff's denial of access to the courts claims are **DISMISSED** for failure to state a claim upon which relief may be granted.  In the alternative, with respect to plaintiff's claim that his legal materials were confiscated in August 2006 and resulted in the dismissal of a state court action, such claim is **DISMISSED** for plaintiff's failure to show exhaustion of his prison administrative remedy set forth in Ohio Admin. Code § 5120-9-31.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


 S/Susan J. Dlott_____
Susan J. Dlott, Judge
United States District Court

6